UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRAVIS SANTELL WILLIAMS,

    Petitioner,

v.       Case No. 3:17-cv-934-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
    Respondents.
_____

## ORDER

### I. Status

Petitioner Travis Williams, an inmate of the Florida penal system, initiated this action on August 9, 2017,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Williams challenges a 2013 state court (Duval County, Florida) judgment of conviction for aggravated battery on a law enforcement officer, aggravated fleeing or attempting to elude a law enforcement officer, driving while license suspended or revoked, possession of cocaine, possession of less than twenty grams of cannabis, and failure to appear. Williams raises three grounds for relief. See Petition at 4-19.[2] Respondents have submitted an answer in opposition to the Petition. See Answer in Response to Order to Show Cause (Response; Doc. 14) with exhibits (Resp. Ex.). Williams declined to file a reply brief; instead, choosing to rely on the allegations pled in the Petition. See Doc. 16. This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

## II. Relevant Procedural History

On September 17, 2012, the State of Florida (State) charged Williams by way of a third amended Information with aggravated battery on a law enforcement officer (count one), aggravated fleeing or attempting to elude a law enforcement officer (count two), driving while license suspended or revoked - habitual offender (count three), possession of cocaine (count four), possession of less than twenty grams of cannabis (count five), and failure of defendant on bail to appear (count six). Resp. Ex. B at 22-23. On February 25, 2013, Williams entered a plea of guilty to all six counts. Id. at 24-25. That same day, the circuit court sentenced Williams to a term of incarceration of ten years in prison as to counts one and two; five years in prison as to counts three, four, and six; and one year in jail as to count five. Id. at 26-34. As to count one, the circuit court adjudicated Williams to be a habitual felony offender (HFO) and ordered Williams to serve a three-year minimum mandatory sentence. Id. at 33. The circuit court further ordered the sentences imposed on counts two through six to run concurrently with the sentence imposed as to count one. Id. at 32. On February 28, 2013, Williams filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in which he argued that he involuntarily entered his plea due to ineffective assistance of counsel. Resp. Ex. A at 1-3. The circuit court construed the motion as a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(l) and denied the motion on April 25, 2013. Id. at 4-7.

Williams appealed the denial of his motion to withdraw plea to Florida's First District Court of Appeal (First DCA). Id. at 27-28. In his initial brief, Williams argued that the circuit court erred in denying his motion without holding an evidentiary hearing. Resp. Ex. C. The State filed an answer brief. Resp. Ex. D. On September 12, 2014, the First

DCA per curiam affirmed the denial of relief, and on October 8, 2014, issued the Mandate. Resp. Ex. F.

On April 17, 2015, Williams filed a pro se motion for postconviction relief pursuant to Rule 3.850 (Rule 3.850 Motion). Resp. Ex. G at 1-17. Williams raised two claims of ineffective assistance, specifically, that counsel: (1) failed to conduct a reasonable investigation and obtain a video from the Jacksonville Sheriff's Office (JSO); and (2) coerced him to enter a plea to the wrong offense. Id. The circuit court denied the Rule 3.850 Motion. Id. at 18-22. Williams appealed the denial of his Rule 3.850 Motion to the First DCA. Id. at 58-59. On May 3, 2017, the First DCA per curiam affirmed the denial of relief. Resp. Ex. K. Williams moved for rehearing, which the First DCA denied on June 6, 2017. Resp. Ex. L. The First DCA issued the Mandate on June 22, 2017. Resp. Ex. M.

### III. One-Year Limitations Period

This proceeding was timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise

precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Williams'] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

4

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"[3] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S. Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1)'s "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834

---

[3] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S. Ct. 1103 (2017).

6

F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

### B. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S. Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S. Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S. Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S. Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S. Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other."

7

Ward, 592 F.3d at 1163. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." Richter, - U.S. at -, 131 S. Ct. at 788. But "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, - U.S. at -, 131 S. Ct. at 788.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). In other words, "[i]n addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir.

2004). As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

Williams alleges that the circuit court violated his procedural due process rights when it did not hold an evidentiary hearing on his motion to withdraw plea. Petition at 4-8. According to Williams, the circuit court and his counsel coerced him into entering his guilty plea by threatening him that he would be sentenced to life in prison if he went to trial. Id. at 4. Additionally, Williams contends that his counsel failed to obtain a video recording from JSO, which led him "to settle for a best interest plea, on condition that if the audio/video recordings were found Mr. Williams will be allowed to withdraw his plea and proceed to trial." Id. at 6. After being sentenced, Williams asserted the same in his motion to withdraw plea. Id. at 4-5. The circuit court denied the motion without holding an evidentiary hearing. Id. at 5. Williams maintains that the failure to hold a hearing on his motion violated his procedural due process rights because he made sufficient allegations of disputed issues of fact. Id. 5-6. Citing to Florida cases, Williams avers that Florida procedures require an evidentiary hearing on a motion to withdraw plea where a defendant alleges an adversarial relationship with counsel. Id. at 6-7.

The record reflects that three days after being sentenced, Williams requested that the circuit court allow him to withdraw his plea. Resp. Ex. A at 1-3. The circuit court denied the motion, stating in pertinent part:

> In the instant Motion, Defendant seeks to withdraw his guilty pleas because they were allegedly involuntarily made. Specifically, Defendant alleges that he "would not have signed a plea if he did not feel malice when a change of judge [sic]"

9

and that he "was forced by counsel to take a plea or he will [sic] get life in prison." (Def.'s Mot. 2) Based on such allegations, this Court finds Defendant's Motion is wholly inadequate in that it fails to provide any factual allegations in support of his claims. Rather, Defendant's Motion contains only bare, general allegations. Therefore, the Motion is denied. See Echeverria v. State, 33 So. 3d 802 (Fla. 1st DCA 2010) ("affirm[ing] the trial court's denial of the [pro se Rule 3.170(l)] motion to withdraw the plea because Mr. Echeverria's general claims of ineffective assistance of counsel d[id] not sufficiently allege an adversarial relationship requiring a Sheppard hearing"); Hall v. State, 72 So. 3d 290, 293 (Fla. 4th DCA 2011) ("[F]actual allegations must support the request for relief when a defendant files a pro se motion claiming his or her relationship with counsel has become adverse." (citing Davis v. State, 52 So. 3d 697, 698 (Fla. 4th DCA 2010))); Williams v. State, 919 So. 2d 645 (Fla. 4th DCA 2006) (finding a factually unsupported "bare allegation" of coercion was insufficient to warrant a hearing on Defendant's Rule 3.170(l) motion); see also Sheppard v. State, 17 So. 3d 275, 277 (Fla. 2009) (requiring a hearing when "defendant files a pro se motion to withdraw a plea pursuant to rule 3.170(l), which contains *specific allegations* that give rise to an adversarial relationship") (emphasis added).

Id. at 5-6. Williams raised this issue on direct appeal. Resp. Ex. C. The First DCA per curiam affirmed denial of relief without issuing a written opinion. Resp. Ex. F.

To the extent that the First DCA decided the claim on the merits,[4] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of

---

[4] Throughout this order, in looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

the evidence presented in the state court proceedings. Thus, Williams is not entitled to relief on the basis of this claim.

Nevertheless, even if the state court's adjudication of this claim is not entitled to deference, the claim in Ground One is without merit because it is unrelated to the cause of Williams' detention. See Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief."); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (citation omitted) ("Neither the state court's failure to hold a hearing on petitioner's 3.850 motion nor its failure to attach the relevant portions of the record in any way undermines the validity of petitioner's conviction. Because claim (1) goes to issues unrelated to the cause of petitioner's detention, it does not state a basis for habeas relief."). "Moreover, such challenges often involve claims under state law . . . and '[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" Carroll, 574 F.3d at 1365 (quoting McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992)). Accordingly, Williams is not entitled to federal habeas relief and his claim in Ground One is due to be denied.

**B. Ground Two**

In Ground Two, Williams asserts that his trial counsel was ineffective for failing to properly investigate the case and obtain dash-cam video footage from JSO cruisers at the scene that he maintains show an officer drove head-on into his parked car. Petition at 10-14. According to Williams, he did not commit the offense of aggravated battery on a law enforcement officer because a JSO officer caused the crash. Id. at 10. Williams

11

states that his first counsel requested that the State provide the footage, but the prosecutor responded by stating "they did not have those audio/video recordings in their possession." Id. Approximately a month before he entered his plea, Williams alleges that he requested that Trish Rado, a different attorney at the public defender's office, subpoena JSO for the recordings, but she failed to comply and instead coerced him to enter a plea to a crime he did not commit. Id. at 10-11. Williams maintains the audio and video recordings would have contradicted the police report and established his innocence. Id. at 13-15.

Williams raised a substantially similar claim in his Rule 3.850 Motion. Resp. Ex. G at 5-11. In denying relief on this and another claim of ineffective assistance of counsel, the circuit court explained:

> The Court finds Defendant's allegations of ineffective assistance of counsel are refuted by the record. See Stano, 520 So. 2d at 280.[5] Defendant's plea form contains the following provisions: "We have fully discussed all aspects of this case, including all possible defenses to all charges, including self-defense and any defense based upon any disability, disease, insanity, or intoxication." In addition, Defendant's plea form contains the following affirmation: "My attorney has taken all actions requested by me, or has explained to my satisfaction and agreement why such actions should not be taken, and I concur with my attorney's decisions in that regard." Defendant testified he read and reviewed the form with his attorney, and that he understood everything in the form, including the rights he gave up by pleading guilty. Defendant gave sworn written testimony that he was satisfied with attorney's performance. Defendant may not go behind his previous sworn testimony and now argue counsel rendered deficient performance. See Stano, 520 So. 2d at 280; Bir, 493

---

[5] Stano v. State, 520 So. 2d 278 (Fla. 1988).

> So. 2d at 56;[6] Dean, 580 So. 2d at 810;[7] see also Iacono, 930 So. 2d at 831.[8]
>
> Additionally, the record shows that during Defendant's plea hearing, the trial judge asked the State to provide a factual basis for the instant offenses. The State, in great detail, specified the factual basis for the six offenses. Defendant did not lodge an objection to the factual basis provided by the State, and his attorney did not find any legal exceptions or objections for the purposes of the plea. Therefore, the Court finds, the factual basis provided was sufficient for the trial court to accept Defendant's plea. Moreover, with his plea of guilty to the amended information, Defendant admitted the charges brought against him.

Id. at 20-21 (record citations omitted). The First DCA per curiam affirmed the denial of relief on this claim. Resp. Ex. K; M.

To the extent that the First DCA decided the claim on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Williams is not entitled to relief on the basis of this claim.

Nevertheless, even if the state court's adjudication of this claim is not entitled to deference, the claim in Ground Two is meritless. "A plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath,

---

[6] Bir v. State, 493 So. 2d 55 (Fla. 1st DCA 1986).
[7] Dean v. State, 580 So. 2d 808 (Fla. 3d DCA 1991).
[8] Iacono v. State, 930 So. 2d 829 (Fla. 4th DCA 2006).

memorializing a crossroads in the case," and "[w]hat is said and done at a plea conference carries consequences." Scheele v. State, 953 So. 2d 782, 785 (Fla. 4th DCA 2007). Indeed, a defendant's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also Kelley v. State, 109 So. 3d 811, 812-13 (Fla. 1st DCA 2013) (holding a court may deny postconviction relief on claims that are refuted by sworn representations the defendant made to the trial court). Notably, by entering a guilty plea, a defendant waives any right to have his or her counsel investigate or put forward a defense. Smith v. State, 41 So. 3d 1037, 1040 (Fla. 1st DCA 2010) (citing Davis v. State, 938 So. 2d 555, 557 (Fla. 1st DCA 2006)). Similarly, "[w]here a defendant enters a plea and swears that he is satisfied with his counsel's advice, he may not later attack counsel's effectiveness for failure to investigate or defend the charge." Id. Moreover, in Florida, a defendant "cannot assert that his plea was not knowingly and voluntarily entered where he concedes he was well aware of his counsel's deficiencies prior to entry of his plea." Davis, 938 So. 2d at 557.

At the February 25, 2013 plea and sentencing hearing, Williams represented that he read, reviewed, and understood everything written in the plea form. Resp. Ex. B at 68. According to the plea form Williams signed, he acknowledged that "I have not been threatened, coerced, or intimidated by a person, including my attorney, in anyway in order to get me to enter this plea." Id. at 24. The plea also states that Williams acknowledges that his attorney had fully investigated and discussed the case with him and he was completely satisfied with his attorney's work. Id. The circuit court informed Williams of the rights he was giving up, including his right to trial by jury and to conduct an adversarial

14

testing of the State's evidence. Id. at 68-69. Williams acknowledged he understood that by entering his plea he admitted his guilt to the charged offenses. Id. at 69.

Based on this record, Williams waived his right to have his counsel investigate his case and put forward a defense and his right to challenge counsel's effectiveness for investigating or defending the charge. See Smith, 41 So. 3d at 1040. Moreover, Williams specifically states in his Petition that his previous counsel requested audio or video recordings from the JSO cruisers and was told the State did not possess them. Counsel cannot be ineffective for failing to obtain evidence that does not exist. See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1142 (11th Cir. 2005) (holding counsel cannot be ineffective for failing to raise a meritless argument); Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) (noting that "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). Additionally, the Court finds that Williams was aware of his counsel's alleged failure prior to entering the guilty plea. Williams stated as much both in his Petition, Petition at 10-11, and during the plea and sentencing hearing. Resp. Ex. B at 81-84. Accordingly, Williams "cannot assert that his plea was not knowingly and voluntarily entered where he concedes he was well aware of his counsel's deficiencies prior to entry of his plea." Davis, 938 So. 2d at 557. In light of the above analysis, relief on the claim in Ground Two is due to be denied.

### C. Ground Three

Lastly, Williams contends that his counsel provided ineffective assistance by coercing him to enter a guilty plea to the wrong offense. Petition at 16-19. Specifically, Williams asserts that the Information charged him in count two with, "Fleeing to Elude a Law Enforcement Officer (siren and lights activated with high speed or reckless driving),"

but at sentencing, the circuit court pronounced him guilty of "Aggravated Fleeing and Eluding a Law Enforcement Officer (leaving a crash in which injury or death then caused serious bodily injury or death)." Id. at 16. According to Williams, the evidence did not support the element of leaving the scene of the crash, and, therefore, counsel was ineffective for not recognizing this variance. Id. Additionally, Williams asserts that the State and circuit court mistakenly thought he committed a forcible felony associated with violence because there was a crash involving a JSO officer and Williams' vehicle, from which the officer received injuries. Id. at 18. Williams maintains that, contrary to the police report, he did not initiate a head-on collision with an officer and this disputed fact resulted in his offense being labeled aggravated fleeing and eluding instead of simple fleeing and eluding. Id. Had the State not made this mistake, Williams avers that the State would have offered a lower negotiated plea. Id.

Williams raised this claim in state court as ground two of his Rule 3.850 Motion. Resp. Ex. G at 12-15. The circuit court rejected this claim and his other claim of deficient performance as recounted above in the Court's analysis of Ground Two. The First DCA per curiam affirmed the denial of relief on this claim without a written opinion. Resp. Ex. K; M.

To the extent that the First DCA decided the claim on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceedings. Thus, Williams is not entitled to relief on the basis of this claim.

Nevertheless, even if the state court's adjudication of this claim is not entitled to deference, relief on the claim in Ground Three is due to be denied. The entire premise of Williams' argument is that the charge referenced in the Information and at sentencing were different. However, the record refutes this claim. The third amended Information charged Williams pursuant to section 316.1935(3)(a), Florida Statutes (2010), with:

> willfully flee[ing] or attempt[ing] to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated, and during the course of the fleeing drove at a high speed or in any manner which demonstrates wanton disregard for the safety or persons or property, contrary to the provisions of Section 316.1935(3)(a), Florida Statutes [(2010)].

Resp. Ex. B at 22. Neither the plea form nor the transcript from the plea and sentencing hearing reference any other type of aggravated fleeing or attempting to elude a law enforcement officer than that charged in the Information. Resp. Ex. 24-25, 59-94. The judgment and sentence form, likewise, lists the offense statute number for count two as section 316.1935(3)(a). Id. at 26. Accordingly, contrary to Williams' contentions, he did not plead to an offense not charged. To the extent Williams attempts to attack the sufficiency of the State's evidence against him. He waived this claim by entering his plea and similarly waived any duty on part of his counsel to investigate and defend against the charge. See Smith, 41 So. 3d at 1040. Moreover, he admitted his guilt to the charged offense by entering the plea. For all of the above stated reasons, Williams is not entitled to relief on his claim in Ground Three.

## VII. Certificate of Appealability

## Pursuant to 28 U.S.C. § 2253(c)(1)

If Williams seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Williams "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Williams appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C:  Travis Williams #J10024
    Counsel of record